# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated | : : : : | CIVIL ACTION |
| v. | : : | NO. 16-426 |
| CWS APARTMENT HOMES, LLC | : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                            **November 8, 2016**

A Pennsylvanian suing an Austin, Texas company for texting him a nonconsensual marketing message must, in response to our rule to show cause and the Texas company's request to transfer venue, provide reasons for us to keep venue for a national class action when he is the only person with a Pennsylvania area code receiving this text message and all witnesses and documents are in Texas. Under 28 U.S.C. §1404, we may transfer an action to any other district where it might have been brought if transfer is "for the convenience of parties and witnesses and in the interest of justice." When a Texas company with no Pennsylvania contacts allegedly sent one nonconsensual telemarketing text message to a 412 area cell phone, and the class representative is apparently the only putative class member with ties to Pennsylvania, the convenience of witnesses, parties and interests of justice mandate we transfer venue to where the Defendant's conduct allegedly affected thousands of persons nationwide. In the accompanying Order, we transfer this national class action against an Austin, Texas company to the United States District Court for the Western District of Texas, Austin Division.

## I. Facts

Stewart Abramson alleges CWS Apartment Homes, LLC used an automatic telephone dialing system[1] to send him a telemarketing text message to his cell phone with an area code beginning with 412.[2] Mr. Abramson resides in this District.[3] CWS is based in Texas.[4] Mr. Abramson alleges he did not give his written consent to CWS to send this text message.[5] Mr. Abramson, on behalf of a nationwide class, sues CWS for violating the Telephone Consumer Protection Act ("Act"), seeking statutory damages of $500 for each violation and treble damages.[6]

After we found venue in this District is proper because Plaintiff received the allegedly nonconsensual text here[7], we *sua sponte* directed the parties to brief whether, under *Jumara* and to ensure we meet the goals of Fed.R.Civ.P.1, this matter should be transferred under § 1404 to the appropriate district in Texas.[8] Mr. Abramson asks we retain venue because he filed this claim in his home forum.[9] He also swears he never litigated a claim in the Northern District of Texas, nor does he retain legal counsel there.[10] He also submitted his attorney Anthony Paronich's affidavit swearing he has never litigated a claim in the Northern District of Texas and is also preparing for trial in January in this forum.[11]

CWS seeks a transfer of venue.[12] CWS submitted an affidavit from Shanna Berrien, CWS' Director of Insurance and Risk, swearing Mr. Abramson is the only person whose cell phone number links him to Pennsylvania.[13] Over ninety-five percent of the persons sent the similar text have cell phones which, based on the area code, link them to North Carolina or Texas.[14] CWS swears it is not a Pennsylvania citizen and conducts no business here.[15] CWS incorporated in Delaware with its principal place of business in Texas.[16] Most of CWS's offices and agents are in Austin, Texas.[17] None of CWS's potential fact witnesses reside in

2

Pennsylvania.[18] CWS' records and corporate representative in this matter are in Austin, Texas.[19] Mr. Abramson does not dispute these sworn statements.

## II. Analysis

We may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice."[20] The United States Supreme Court explained §1404 vests district courts with "broad discretion."[21] Our Court of Appeals instructs us to consider both private and public factors when using our broad discretion to transfer venue.[22] CWS, as the party seeking transfer under our rule to show cause, has the burden of demonstrating these elements.[23] Neither party disputes the Western District of Texas, Austin Division is a proper venue.

### A. Private factors favor transfer to Texas.

The evaluated private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative physical and financial condition; (5) convenience of the witnesses – but only to the extent the witnesses may actually be unavailable for trial; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[24]

Mr. Abramson is a Pennsylvania resident filing suit in his home district.[25] But the overwhelming majority of the operative facts common to his putative class occurred either in North Carolina or Texas.[26] Normally, as to the "plaintiff's forum preference as manifested in the original choice" element, the plaintiff's choice is entitled to great deference.[27] But as the United States Supreme Court directed, the choice of forum of a named plaintiff in a class action should

3

be given less deference because any member of the punitive class can bring the suit in his or her forum.[28] Mr. Abramson's choice of forum is not entitled to considerable deference.

Even though the defendant's preference is entitled to considerably less weight than the plaintiff's,[29] CWS' obvious preference for a Texas forum weighs in favor of transfer.

As to the "whether the claim arose elsewhere" factor, "the most appropriate venue is where a majority of events giving rise to the claim arose."[30] Even though Mr. Abramson allegedly received the text on a cell phone with a 412 area code tied to this District,[31] the overwhelming majority of events giving rise to the claim occurred outside Pennsylvania.[32] Mr. Abramson is the only person receiving a text message on a phone with an area code which links him to this District.[33] This factor also weighs in favor of transfer.

As to the convenience of the parties and witnesses' factors, Mr. Abramson argues Texas is an inconvenient forum because he is a private litigant and he has never litigated a claim in Texas.[34] Mr. Abramson also argues his lead counsel is also the appointed class counsel in North Carolina for a trial in January.[35] We cannot discern merit in either of these positions. Mr. Abramson is a litigant in other distant forums and his counsel's trial schedule should not alter our analysis at this preliminary stage.

CWS makes the stronger argument. Mr. Abramson is an experienced litigant serving as a named party in more than one suit outside this District.[36] Mr. Abramson does not allege he will be an active participant in the litigation nor do any of the elements of the claim require his active participation. CWS conducts no business in Pennsylvania.[37] The majority of its offices, agents and files are in Austin, Texas.[38] Its corporate representative resides in Austin, Texas and its legal counsel works in Dallas, Texas.[39]

4

The most important factor is the convenience of witnesses.[40] But neither party maintains their witnesses would be "unavailable for trial" in one of the fora as *Jumara* requires.[41] Neither Mr. Abramson nor CWS claim they intend to call witnesses located in this District.[42] Mr. Abramson's only argument is the parties already scheduled depositions in a location convenient for the witnesses and if we transferred this action, he would have to travel to Texas for his deposition.[43] We disagree. The scheduled location for Mr. Abramson's deposition should be honored. CWS, on the other hand, contends it would be costly and burdensome to bring "all of its witnesses" to this District.[44] While not dispositive, this factor weighs in favor of transfer to Austin, Texas especially as we expect CWS' counsel will honor its word to depose Mr. Abramson in this District.

The location of CWS' books and records in Texas favors transfer, albeit not strongly. Mr. Abramson argues the *Jumara* exception applies because all the documents at issue can be provided electronically.[45] Technology advances do not render the last private factor superfluous.[46]

### B. Public factors strongly weigh in favor of transfer to Texas.

The evaluated public interests include: (1) enforceability of the judgment; (2) practical considerations to make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in the two fora resulting from court congestion; (4) local interest in deciding controversies at home; (5) public policies of the fora; and (6) familiarity of the trial judge with the applicable state law in diversity cases.[47] Mr. Abramson admits enforceability of the judgment, public policies of the fora, and the applicable law in diversity cases factors are not in question.[48]

5

The "practical considerations" factor weighs in favor of transfer. Mr. Abramson has not argued continuing this matter in this District would be cheaper, easier or more expeditious. He does not argue he needs to, or intends on being, an active participant in this trial. On the other hand, CWS argues transferring this matter to Texas would make the trial easier and cheaper because presenting several witnesses would be costly in this District [49] as their corporate representative, witnesses and files are in Texas.[50]

We agree with CWS' argument the judicial emergency in this District favors transfer, but admit it is not a decisive factor as the Western District of Texas also faces a judicial emergency with two vacancies.[51] This factor is equally balanced between two districts facing judicial emergencies. In analyzing "court congestion," the real issue is whether a trial may be speedier in another court because of its less crowded docket.[52] While acknowledging court congestion is not a decisive factor and must be weighed against all other relevant factors,[53] transfer to the district where the witnesses are located (Western District of Texas) better meets the goals of Fed.R.Civ.P.1 of a "just, speedy, and inexpensive determination of every action and proceeding."

As to the "local interest in deciding local interests at home" factor, Mr. Abramson argues our October 24, 2016 Order finding venue is proper weighs against transfer.[54] We disagree. Just because this District is a proper venue does not outweigh the factors favoring a §1404(a) transfer to the Western District of Texas, which is also a proper venue.[55] This is a national class action with no local interests other than Mr. Abramson's residence here.

### III. Conclusion

Having considered the private and public interests, we find the Western District of Texas, CWS' principal place of business, is a more convenient forum. In the accompanying Order, we

6

transfer this matter to the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1404.

---

[1] ECF Doc. No. 1 at ¶ 25.

[2] ECF Doc. No. 18-2 at ¶¶ 3, 5.

[3] ECF Doc. No. 1, at ¶7.

[4] ECF Doc. No. 16-3 at ¶ 4.

[5] ECF Doc. No. 1 at ¶ 28.

[6] ECF Doc. No. 1 at ¶ 4.

[7] ECF Doc. No. 37.

[8] *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 882 (3d Cir. 1995).

[9] ECF Doc. No. 40.

[10] ECF Doc. No. 40-3 at ¶ 3.

[11] ECF Doc. No. 40-2 at ¶¶ 3,5.

[12] ECF Doc. No. 41.

[13] ECF Doc. No. 41-1 at ¶¶ 3,11.

[14] *Id.* at ¶ 12.

[15] *Id.* at ¶ 4.

[16] *Id.* at ¶ 5.

[17] *Id.* at ¶ 8.

[18] *Id.* at ¶ 6.

[19] *Id.* at ¶¶ 7,9.

[20] 28 U.S.C. § 1404(a).

[21] *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988).

[22] *Jumara,* 55 F.3d at 882.

[23] *Smith v. HireRight Sols., Inc.,* No. 09-6007, 2010 WL 2270541, at *2 (E.D. Pa. June 7, 2010) (citing *Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc.,* No. 05–1052, 2005 WL 2660351, at *4 (E.D.Pa. Oct. 18, 2005)).

[24] *Id.* at 879 (citations omitted).

[25] ECF Doc. 40-3 at ¶ 1.

[26] ECF Doc. No. 41-1at ¶ 12.

[27] *Smith v. HireRight Sols., Inc.,* No. 09-6007, 2010 WL 2270541, at *3 (E.D. Pa. June 7, 2010).

[28] *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524 (1947).

[29] *Smith v. HireRight Sols., Inc.,* No. 09-6007, 2010 WL 2270541, at *3 (E.D. Pa. June 7, 2010) (citing *EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc.,* 379 F.Supp.2d 728, 730 (E.D.Pa.2003)).

[30] *In re Amkor Tech., Inc. Sec. Litig.,* No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006).

[31] The harm occurred when he received the text. *See* ECF Doc. 37 at 7.

[32] ECF Doc. No. 41-1at ¶ 12.

[33] *Id.* at ¶ 11.

[34] ECF Doc. No. 40; ECF Doc. No. 40-3 at ¶ 3.

[35] ECF Doc. No. 40-2 at ¶ 3.

[36] Mr. Abramson recently twice served as a plaintiff in the Southern District of Florida (*Abramson v. 1 Global Capital, LLC*, No. 15-cv-61373; *Abramson v. Express Consolidations, Inc.*, No. 08-cv-60350-Zloch-Snow), as well as in the Southern District of New York (*Abramson v. Alpha Gas and Electric, LLC*, No. 7:15-dv-05229).

[37] ECF Doc. No. 41-1 at ¶ 4.

[38] *Id.* at ¶¶ 8,9.

[39] *Id.* at ¶¶ 7,10.

[40] *Regmund v. Talisman Energy USA, Inc.*, No. 16-711, 2016 WL 5794227, at *8 (W.D. Pa. Aug. 31, 2016), *report and recommendation adopted*, No. 2:16-711, 2016 WL 5720841 (W.D. Pa. Sept. 30, 2016).

[41] *Jumara*, 55 F.3d at 879.

[42] ECF Doc. No. 41-1 at ¶ 6.

[43] ECF Doc. No. 40.

[44] ECF Doc. No. 41.

[45] ECF Doc. No. 40.

[46] *Regmund v. Talisman Energy USA, Inc.*, No. 16-711, 2016 WL 5794227, at *11 (W.D. Pa. Aug. 31, 2016), *report and recommendation adopted*, No. 2:16-711, 2016 WL 5720841 (W.D. Pa. Sept. 30, 2016). (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) ("While advances in technology may alter the weight given to these factors, it is improper to ignore them entirely.").

[47] *Jumara*, 55 F. 3d at 879–80 (citations omitted).

[48] ECF Doc. No. 40.

[49] ECF Doc. No. 41; ECF Doc. No. 41-1 at ¶ 13.

[50] ECF Doc. No. 41-1 at ¶¶ 7,9.

[51] 50% of the allocated Article III positions in the Western District of Texas remain vacant with one pending nominee. *See* www.judicialnominations.org/judicial-vacanies.

[52] *York Grp., Inc. v. Pontone*, No. 10-1078, 2014 WL 3735157, at *13 (W.D. Pa. July 28, 2014) (citing *Gates v. Learjet Corp. v. Jensen*, 743 F.2d 1325, 1336 (9th Cir.1984)).

[53] *York Grp., Inc.* at *13.

[54] ECF Doc. No. 37.

[55] *See Grafton* at *2. ("That this district is a proper venue, however, does not appear to outweigh the factors favoring a transfer to Minnesota, which would also be a proper venue.")